IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DEREK T. CROOM, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24cv1386 (RDA/WBP) |
| ) | |
| ANWARI 656, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER

Derek T. Croom ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated on June 9, 2024. Dkt. 1. In his complaint, Plaintiff alleges the use of excessive force and that he was subjected to cruel and unusual punishment, and names the following defendants: Anwari 656, Investigator, Charles City Sheriff's Department; Director, Charles City Sheriff's Department; Corporal Roberson; Officer, Charles City Sheriff's Department; Virginia State Police; Riverside Regional Jail; Virginia Commonwealth University ("VCU") Medical Center; and EMT Responders. Plaintiff applied to proceed *in forma pauperis*, Dkt. 2; and seeks to file an amended complaint, Dkt. 6. Plaintiff additionally seeks discovery and requests for admissions, Dkts. 5, 14, seeks appointment of counsel, Dkt. 10; and seeks entry of a default judgment. Dkts. 15, 16. Because the Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.** —On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

## I. Plaintiff's Application to Proceed *In Forma Pauperis*

Plaintiff's institution has supplied information on his inmate account reflecting that, for the two months prior to filing his complaint, Plaintiff had an average monthly deposit of $0.00, an average negative monthly balance of $104.69, and a negative balance of $197.17 at the time of inquiry. Despite the fact that Plaintiff's trust account currently holds a negative balance, 28 U.S.C. § 1915(b)(1) requires the Court to assess and, when funds are available, to collect an initial filing fee of 20% of a plaintiff's average monthly deposits or average monthly balance—whichever is higher. 28 U.S.C. § 1915(b)(1). In this case, Plaintiff will not be required to remit a partial initial filing fee. Going forward, Plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the Plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This requirement shall continue until the full filing fee has been paid, even after this civil action is resolved or dismissed.

## II. Plaintiff's Motions for Discovery, Requests for Admissions, Appointment of Counsel, and Motion to Amend Complaint

Plaintiff has filed several motions that need to be addressed before screening. His request for discovery and admissions, Dkts. 5;14, is premature. The complaint has not yet been served on any defendant. Federal Rule of Civil Procedure 5(a) requires that "every pleading . . . shall be served upon each of the parties," which includes discovery motions. Fed. R. Civ. P. 5(a)(1)(C)-(D). Until served, a pleading or motion has no effect. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977). This Court has observed that

> "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

2

> the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.").

*Howell v. Walrath*, No. 1:20cv1193, 2021 WL 5881803, at *1 (E.D. Va. Dec. 10, 2021). Discovery at this point is premature and Plaintiff has failed to, and indeed cannot, serve his discovery motions before service of his complaint. Accordingly, the motions, Dkts. 5; 14, will be dismissed without prejudice.

Likewise, Plaintiff's Motion to Appoint Counsel, Dkt. 10, is premature. "A *pro se* prisoner does not have a general right to counsel in a [Section] 1983 action." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *See Whisenant*, 739 F.2d at 163. Here, the Court has yet to screen the amended complaint Plaintiff seeks to file in order to determine if Plaintiff has stated a colorable claim. Accordingly, Plaintiff's Motion to Appoint Counsel, Dkt. 10, will be denied without prejudice.

Further, Plaintiff has also filed a motion to amend his complaint. The Fourth Circuit has stated that leave to amend "shall be freely given when justice so requires" and "'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Here, Plaintiff will be allowed to amend, but the requirement of liberal construction does not mean that the Court can ignore a deficient complaint, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) ("[t]he 'special judicial solicitude' with which a

[court] should view such *pro se* complaints does not transform the court into an advocate"); and a court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122, 123 (D. Md.1981) (it is not court's "burden . . . to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not 'assume the role of advocate for the *pro se* litigant,' and "may 'not rewrite' a *pro se* parties pleadings); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him" or "divine" what the plaintiff is trying to achieve or say (citation omitted)). Accordingly, the amended complaint[2] will be screened as it supersedes the original complaint.

### III. Plaintiff's Motion for Default Judgment

On September 30, 2024, Plaintiff filed a declaration seeking entry of a default judgment based upon his assertions that he served a discovery motion on "defendants," and "defendants" were put on notice by the lawyer for Plaintiff Campbell (who apparently has been incarcerated since November 12, 2024). Even without the obvious inconsistencies and inadequacies in his declaration (the dates provided are incorrect and Plaintiff fails to identify which Defendants were allegedly served), he is not entitled to a default judgment. While Federal Rule of Civil Procedure 55(a) provides for the entry of a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," default judgments are not favored. "A court must 'exercise sound judicial discretion' in deciding whether to enter default judgment, and 'the moving party is not entitled to default judgment as a matter of right.'" *Reynolds*

---

[2] The amended complaint names the following defendants: Corporal Robinson; Officer, Charles City Sheriff's Dept.; Ms. Mack, Warden, Riverside Regional Jail; 911 Operator; VCU Medical Center; Ms. Sharon Pettaway and Jeff Carter, Virginia State Police; EMT Responders; Ms. Barbara Jean Watkins, Clerk of General District Court; and Corporal Roberson; Officer, Charles City Sheriff's Dept. The following persons and entities named in the original complaint, but not in the amended complaint, will be dismissed: Anwari 656, Investigator, Charles City Sheriff's Dept.; Virginia State Police; and Riverside Regional Jail.

4

*Innovations, Inc. v. E-Cigarette Direct, LLC*, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) and citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). None of the Defendants named in the amended complaint have been served. Further, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, Plaintiff's declaration for entry of a default judgment is premature and is denied. Dkts. 15; 16.

### IV. Screening of Plaintiff's Amended Complaint

*A. Standard of Review*

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

At the screening stage, a complaint must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

5

action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In addition, to state a cause of action under Section 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

Regarding corporate entities, "[a] private corporation cannot be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983, absent a showing of an impermissible corporate policy." *See Marks v. Crawford*, 882 F. Supp. 530, 532 (E.D. Va. 1993). "[A] private corporation is liable under [Section] 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

In addition, "[b]ecause a jail is not a legal entity, it is not a 'person' subject to suit under [Section] 1983." *Dales v. Haysi Reg'l Jail*, No. 7:16cv386, 2016 WL 7168278, at *1 (W.D. Va. Dec. 8, 2016) (W.D. Va. Dec. 8, 2016) (citing *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992), *aff'd*, 9 F.3d 1544 (4th Cir. 1993)).

Further, a court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (dismissing a *pro se* complaint without prejudice that contained potentially viable claims because a voluminous, repetitive, and conclusory complaint is not a short and plain statement of facts and legal claims and imposes a burden on the

6

court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors). Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("[d]istrict judges are not mind readers").

In sum, Plaintiff's amended complaint does not comply with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's amended complaint is disorganized, confused, and conclusory. It begins with a heading "Excessive Force," and is followed by a statement that "[t]his was ment [sic] to cause harm rather than keep order." Dkt. 6 at 1. Plaintiff goes on to allege he was "mased, beaten[], while handcuffed, and shackled for over an hour." *Id.* The amended complaint then states Plaintiff was transported to VCU hospital, where he stayed handcuffed and shackled for five days (June 9, 2024 through June 13, 2024). On June 13, 2024, after discharge, Plaintiff was charged with the assault and battery of a law enforcement officer, obstruction, and two counts of damage to property. *Id.* at 2-4. The amended complaint then states "malicious prosecution and intentional infliction of emotional distress." *Id.* at 4. Plaintiff was transported to Rappahannock Regional Jail ("RRJ"), where he was screened and evaluated by a nurse, and assigned a bottom bunk. *Id.* As of August 28, 2024, he has never seen a doctor. The amended complaint does not discuss any of the Defendants by name or even by reference. *See id.*

A separate pleading, labeled "Jurisdiction and Venue, Excessive Force, list the but fails to provide factual information regarding their conduct in the context of Plaintiff's allegations, nor

7

does it explicate how Defendants acted under color of state law. Dkt. 6-1. To his amended complaint, Plaintiff additionally attaches other documents about "losses," monetary damages, and documents indicating he requested medications and was charged by warrant. Dkts. 6-2; 6-3.

In sum, Plaintiff's amended complaint contains no "short and plain statement," nor is it "concise and direct." The convoluted, redundant narratives and legal conclusions render the amended complaint nearly incomprehensible.

*B. Excessive Force*

Claims for the use of excessive force in effectuating an arrest or other seizure are governed by the Fourth Amendment's prohibition against unreasonable seizures. Further, claims of post-arrest excessive force against an arrestee or pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, which prohibits before conviction the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). It is unclear from the amended complaint whether Plaintiff is alleging excessive force in his arrest, alleging excessive force after his arrest, or both. He also fails to identify which Defendants used excessive force and the circumstances that led up to the application of the force he alleges was excessive.

*C. Deliberate Indifference*

"[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the [D]ue [P]rocess [C]lause." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). To state a claim of deliberate indifference, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, Plaintiff must allege two distinct elements to state a claim upon which relief can be granted.

First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. *Young*, 238 F.3d at

576.*See, e.g., Cooper v. Dyke*, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound was sufficiently serious); *Loe v. Armistead*, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm was sufficiently serious).

Second, Plaintiff must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not sufficient to state an Eighth Amendment violation. Instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106. A prisoner's disagreement with medical personnel over the course of his treatment does not suffice. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that a defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id.* at 851-52.

Based on the statements made in Plaintiff's amended complaint regarding how he was not seen by a doctor after being transported to RRJ, Plaintiff may be attempting to allege he was denied medical treatment. However, in this case, Plaintiff fails to allege both that he suffered from a serious medical need that required professional medical treatment, and that any of the Defendants were aware of this medical need and acted with either actual intent or reckless disregard for the Plaintiff's health. *See* Dkt. 6.

### D. Person Acting Under Color of State Law

Importantly, as noted *supra*, to state a cause of action under Section 1983, Plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting

9

under color of state law. Here, the amended complaint does not identify Defendants who acted under state law that deprived him of his rights.

*E. Leave to Amend*

In deference to his *pro se* status, the Court will allow plaintiff an opportunity to amend his complaint to address the deficiencies noted.

The newly amended complaint ***must*** separately number each claim that Plaintiff is seeking to raise by letter or number.  Each subsequent claim shall be designated by the appropriate letter or number and shall identify the federal right he alleges has been violated.  Together with the claim, in separately numbered paragraphs, Plaintiff will name the defendant or defendants associated with the claim, provide the facts associated with claim, and include the facts that establish the acts or failure to act that implicates each defendant named.  In setting forth the specifics and facts of each claim, Plaintiff should use defendants' names rather than a generic designation of "defendants," which would assist in clarifying the matter and allow a defendant to respond.  The facts ***must*** include dates as to when matters occurred.

In setting forth the facts in his newly amended complaint, Plaintiff should refrain from presenting arguments, editorializing, and trying to be dramatic, all of which inhibit the ability to comprehend the nature of the claim Plaintiff is attempting to present.  Plaintiff is expressly advised that the newly amended complaint supersedes the prior complaint(s).

Accordingly, it is hereby

**ORDERED** that plaintiff's application to proceed *in forma pauperis*, Dkt. 2, is **GRANTED** and plaintiff's amended complaint is deemed filed as of this date; and it is

**FURTHER ORDERED** that Plaintiff's amended complaint, Dkt. 6, is **HEREBY DISMISSED** without prejudice to allow Plaintiff to file a newly amended complaint in compliance with the requirements of this Order.

**FURTHER ORDERED** that the Plaintiff's motion for discovery and requests for admissions, Dkt. Nos. 5, 14, are **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that the Plaintiff's motion to appoint counsel, Dkt. 10, is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Plaintiff's motions for a default judgment, Dkts. 15; 16, are **DENIED WITHOUT PREJUDICE**, and it is

**FURTHER ORDERED** that plaintiff particularize and amend his new complaint within thirty (30) days of the date of this Order using the enclosed standardized Section 1983 complaint form by (i) naming every person he wishes to include as a defendant and (ii) for each claim, he shall submit a short, detailed statement of background facts that describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff must include his civil action number, **1:24cv1386 (RDA/WBP),** on the first page of his **newly amended** complaint. Plaintiff is advised that this **newly amended** complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that plaintiff's failure to leave twenty percent (20%) of his monthly deposits in his inmate account in accordance with the Consent Form constitutes cause for dismissal of this civil action; and it is

**FURTHER ORDERED** that plaintiff's failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is

**FURTHER ORDERED** that plaintiff's correctional institution send to the Clerk twenty percent (20%) of plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid. Should plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, the correctional institution is ordered to complete the enclosed Report of Violation of the Consent Order and return it to this court; and it is

**FURTHER ORDERED** that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff; and the signed Consent Form, Dkt. 7, and the Report of Violation of the Consent Order to Plaintiff's correctional institution.

Entered this 11 day of December 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge