IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Derek T. Croom,                               )
                                              )
        Plaintiff,                            )
                                              )
    v.                                        )    Civil Action No. 1:24-cv-1386 (RDA/WBP)
                                              )
Anwari 656, *et al.*,                         )
                                              )
        Defendants.                           )

## MEMORANDUM OPINION AND ORDER

Derek T. Croom ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated on June 9 and 13, 2024. Dkt. No. 1. On February 12, 2026, without leave of Court, Plaintiff filed a fourth amended complaint ("FAC"). Dkt. No. 38. As he has not sought leave of Court, the Court will construe the FAC as a motion for leave to amend. Because the Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Section 1915A provides:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. —On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort").

A court, however, is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122, 123 (D. Md.1981) (it is not court's "burden . . . to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"). *See Barnett*

2

*v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not 'assume the role of advocate for the *pro se* litigant,' and "may 'not rewrite' a *pro se* parties pleadings); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him" or "divine" what the plaintiff is trying to achieve or say (citation omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Here, the FAC is largely that, threadbare recitals and conclusory statements.

In addition, to state a cause of action under § 1983, a plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

## II. FAC

In his FAC, Plaintiff alleges claims against ten different defendants.

1. On June 9, 2024, Corp. Crystal Roberson, Charles City Sheriff's Office, violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Dkt. No. 38 at 3.

2. On June 9, 2024, Sgt. Floyd Miles, Charles City Sheriff's Office, violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.*

3. On June 13, 2024, Cdr. Anwari, Charles City Sheriff's Office, defamed Plaintiff by releasing his personal information to CBS News and social media. *Id.* at 4.

4. On June 13, 2024, the Charles City Sheriff's Office defamed Plaintiff by releasing his personal information to CBS News and social media. *Id.*

5. On June 9, 2024, Chad Ammos, Chief, Charles City Fire and EMS, violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.*

6. On June 9, 2024, Virginia State Police Officer Brooke Martin, violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.*

3

7. On June 9, 2024, Gerria Atkins, EMS Worker, Charles City Fire and EMS, violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.*

8. On June 9, 2024, Mahki Davis, EMS Worker, Charles City Fire and EMS, violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.*

9. On June 13, 2024, CBS News Reporter Tyler Lane defamed Plaintiff by reporting that Plaintiff was facing multiple charges in the connection to the death of a Charles City County Sheriff's Deputy, Sgt. Floyd H. Miles; and that Plaintiff was charged with one count of felonious assault of a law enforcement, and two counts of destruction of Charles City County Property. *Id.*

10. On June 13, 2024, Charles City Sheriff's Office defamed Plaintiff by reporting that he was charged in connection with the death of Charles City Sheriff's Deputy Sgt. Floyd H. Miles Jr. *Id.*

It is difficult to discern what exactly Plaintiff is seeking to accomplish, who he is suing, and what his claims are against the defendants he has named in his various filings and why he has dropped others. In all, he has filed four amended complaints and submitted several hundred pages of exhibits and documents. The screening will focus on the FAC but will note the inconsistencies to assist Plaintiff in filing a single coherent complaint (his Fifth Amended Complaint) in order to allow this matter to proceed forward.

A. Fourth Amendment and Conclusory Claims

The FAC involves an incident that occurred on June 9, 2024, in Charles City County. Plaintiff alleges that Roberson, Miles, Amos, Martin, Atkins and Davis ("June 9th Defendants") all participated in assaulting him, which he alleges violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff alleges the June 9th Defendants used excessive force during his arrest. Plaintiff also alleges without explanation, that each is liable for "False Imprisonment, False Arrest, Excessive Force, Assault." Dkt. No. 38 at 3. While it is clear that Plaintiff is attempting to allege violations of his Fourth Amendment rights, the other conclusory allegations do not state claims because he does not explain the acts and/or omissions of each defendant that violates each of the

4

conclusory assertions.[2] Each June 9th Defendant must be informed and provided adequate notice of what they are alleged to have done (or not done) and what constitutional provision they have violated based upon acts or omissions in order for each to be able to respond to the complaint.[3] To assist Plaintiff, the Court provides guidance on the elements of the Fourth Amendment claims Plaintiff is alleging.

---

[2] Plaintiff also makes an additional conclusory allegation against Defendant Robeson—"Abuse of process. Malicious Prosecution."

[3] Plaintiff makes several specific allegations against Robeson, but he strings together other June 9th Defendants without identifying what specifically each did that constituted an assault. Plaintiff alleges he has a video of the incident but has not provided it as an exhibit. In addition, several of the June 9th Defendants are emergency responders and may have been attempting to provide him with aid when they pulled him through the window while Plaintiff alleges he was choking from OC spray. Dkt. No. 1 at 2, 3. Further, a person in need of transport to a medical facility is also generally strapped or tied while on a stretcher. *Id.* at 3. Plaintiff also makes the same allegation against Amos, Martin, Atkins and Davis that each "slammed" him "to the concrete ground," and punched, kicked and assaulted him "for what seemed as if it was a[n] hour of more." *Id.* Plaintiff coinfected Robeson at 12:35 p.m. on June 9, 2024, and was received by VCU hospital at 3:13 p.m. Dkt. Nos. 35-1 at 21; 35-2.

The Allegations in the FAC conflict with earlier allegations, *id.* at 2, in which he admits that he was kicking the door of the sheriff's car after he was seated in the car. Dkt. No. 12 at 3. In the FAC, Plaintiff states that he "banged on the door," and that Robeson sprayed him through the open window and earlier she had alleged that Robeson opened the door and sprayed him. *Id.* In his earlier amended complaint he also alleged that Robeson pulled him across the road and that the emergency responder defendants did not arrive until after she pulled him across a gravel road and that his injuries were from the handcuffs, shackles and scraping that occurred when he was pulled by Robeson. *Id.* He also alleged that the hour long "assault" was inflicted by Robeson. Regarding Miles, he had earlier alleged that Miles had a cardiac event and stepped on his shackles and then collapsed on top of Plaintiff. *Id.* In yet another earlier document, Plaintiff states that Miles collapsed before "MS arrived on the scene," and that his contact with Robeson and Miles happened "in the first 10-20 mins." Dkt. No. 25 at 1. Plaintiff also submitted a portion of his trial transcript that indicates the EMS persons that assisted Robeson in arresting Plaintiff were Shawn Jones, Joey Kirby, and Willie Watkins. Dkt. No. 40 at 20, 23. The trial transcript also indicates that the scuffle that resulted in Plaintiff's arrest lasted about 20 minutes. *Id.* at 43. Another witness, Sean Meyers, testified that Plaintiff went "crazy" and "started fighting with" him, Robeson, and other emergency personnel. *Id.* at 48. In short, Plaintiff needs to provide one coherent complaint, which would form the basis of his complaint against each of the defendants.

5

To state a claim for unreasonable seizure in violation of the Fourth Amendment, a plaintiff must allege that he was seized by law enforcement and that seizure was objectively unreasonable. *Schultz v. Braga*, 455 F.3d 470, 480 (4th Cir. 2006); *see also Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir. 1997) (en banc) (the Fourth Amendment also "governs claims of excessive force during the course of an arrest, investigatory stop, or other 'seizure' of a person."). Law enforcement officers may seize a person only upon probable cause or reasonable suspicion that the person has engaged in criminal conduct. *See Turmon v. Jordan*, 405 F.3d 202, 205 (4th Cir. 2005); *Bailey v. Kennedy*, 349 F.3d 731, 739 (4th Cir 2003). To state a Fourth Amendment excessive force claim, "a plaintiff must show that" (1) he was seized, (2) the force used was objectively unreasonable, *Graham v. Connor*, 490 U.S. 386, 395 (1989)), (3) "the objectively unreasonable . . . conduct caused [his] injury," and (4) the defendant "intended to commit the physical action." *Wiggins v. Quesenberry*, 222 F. Supp. 3d 490, 500 (E.D. Va. 2016).

In addition, *Riley* rejected any concept of a continuing seizure rule, noting that "the Fourth Amendment . . . applies to the initial decision to detain an accused, not to the conditions of confinement after that decision has been made." *Id.* at 1163 (internal citations and punctuation omitted). Once the single act of detaining an individual has been accomplished, the Amendment ceases to apply. *Id.* The court considers three factors when determining reasonableness of force: (1) "the severity of the crime at issue"; (2) "the extent to which 'the suspect poses an immediate threat to the safety of the officers or others'"; and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Estate of Armstrong ex rel. Armstrong v. Village of Pinehurst*, 810 F.3d 892 (4th Cir. 2016) (quoting *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015)). The Fourth Circuit recently applied this limiting principle to conclude that a "police officer's pre-seizure conduct, regardless of whether it was ill-advised or violative of law enforcement protocol,

6

is generally not relevant for purposes of an excessive force claim under the Fourth Amendment which looks only to the moment force is used." *Gandy v. Robey*, 520 F. App'x 134, 142 (4th Cir. 2013).[4]

Here, it is not clear if Plaintiff is alleging he was arrested without probable cause; whether he is alleging that excessive force was used; or both. Regardless, his disjointed and unorganized statement of facts does not clearly state a claim. His claim must be clearly stated, he must identify the defendant who allegedly violated his rights, and he must set forth the facts (acts or omissions) involving each defendant.

It is unclear what other claims Plaintiff is seeking to assert because merely stating, in a conclusory fashion, "Fifth, Sixth, Eighth, and Fourteenth Amendment rights" and "False Imprisonment, False Arrest, Excessive Force, Assault," fails to provide a defendant a basis to respond. Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment of a pleading be "simple, concise, and direct." Fed. R. Civ. P. Rule 8(a)(2) and Rule 8(e)(1). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). As previously stated, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must "give the defendant fair notice

---

[4] Plaintiff may be relying on the "concept of bystander liability" which "is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." *Randall v. Prince George' Cty., Md.*, 302 F.3d 188, 203 (4th Cir. 2002). "[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id.* at 204 (internal footnote omitted).

7

of what the plaintiff's claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Without a specific statement, supported by facts, the Court cannot determine if Plaintiff has stated a Fifth, Sixth, Eighth, and Fourteenth Amendment claim, or what his reference to false imprisonment, false arrest, excessive force, and assault mean. In sum, Plaintiff needs to clarify what Fourth amendment claims he is alleging against each defendant.

Claims of false arrest, false imprisonment, and malicious prosecution constitute common law torts, the elements of which are used to guide claims under § 1983 based on the Fourth Amendment to the United States Constitution.[5] *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). To the extent Plaintiff is bringing claims based on false arrest or false imprisonment, he must allege facts to support the claim that he was arrested without probable cause. *See English v. Clarke*, 90 F.4th 636, 646 (4th Cir. 2024). Here, Plaintiff has been indicted and convicted of at least two offenses that occurred on June 9, 2024. His assertions of false arrest and false imprisonment will be dismissed.

To the extent that Plaintiff may also be attempting to bring a claim for malicious prosecution, to state a claim for malicious prosecution, he must allege that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Here, again, Plaintiff has been indicted and convicted of at least two offenses that occurred on June 9, 2024. His assertion of malicious prosecution will be dismissed.

---

[5] Plaintiff adds "gross negligence" to his allegations against Defendant Miles, without any explanation. Again, threadbare recitals and conclusory statements do not state a claim. To the extent this was meant to be a claim, it fails to state a claim upon which relief can be granted.

Plaintiff also adds the word "assault" to his conclusory allegations in the FAC against the June 9th Defendants without any context or explanation. In Virginia, "[t]he tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003). "The tort of battery is an unwanted touching which is neither consented to, excused, nor justified." *Id.* "[T]he difference between them is 'that between physical contact and the mere apprehension of it. One may exist without the other.'" *Id.* However, in Virginia

> "a law enforcement officer  enjoys 'special protection' from tort liability, such as for a battery, when he or she is performing his or her duties in a lawful manner." *Best v. Farr*, 2023 WL 2975648, at *5 (Va. Ct. App. Apr. 18, 2023) (citing *Mercer v. Commonwealth*, 150 Va. 588, 599, 142 S.E. 369 (1928)); *see also Parker v. McCoy*, 212 Va. 808, 813, 188 S.E.2d 222 (1972) ("[A police] officer is within reasonable limits the judge of the force necessary under the circumstances, and he cannot be found guilty of any wrong, unless he arbitrarily abuses the power conferred upon him."). Actions that otherwise would constitute an assault or battery are permitted when justified in the performance of a law enforcement officer's duties. *See Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) ("Virginia recognizes that police officers are legally justified in using reasonable force to execute their lawful duties.").

*Williams v. Painter*, 791 F. Supp. 3d 696, 719-20 (E.D. Va. 2025). Plaintiff does not address why each of the several June 9th Defendants were not justified in using force.

In addition, "when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The state tort claims are dismissed as well.

9

B. Commander Anwari, CBS News Reporter Tyler Lane defamed, and Charles City Sheriff's Office[6]

Plaintiff alleges that Commander Anwari, as well as CBS News Reporter Tyler Lane and the Charles City Sheriff's Office, defamed him by releasing information to the press. The only allegation in the FAC that the Court can identify that appears to be information released is the statement that Plaintiff "was charged in connection to the death of" Defendant Miles. Dkt. No. 38 at 2. To state a claim for defamation under Virginia law, a plaintiff must plead three elements: (1) publication of (2) an actionable statement with (3) the requisite intent." *Va. Citizens Def League v. Couric*, 910 F.3d 780, 783 (4th Cir. 2018) (internal quotation marks omitted). "To be actionable, a statement must be both false and defamatory." *Id.* (internal quotation marks omitted). Based upon the FAC, Plaintiff alleges that Defendant Miles[7] died during the incident on June 9, 2024,

---

[6] The Charles City Sherriff's Office is also not subject to suit under § 1983. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (citations omitted) (explaining that a sheriff's office is "not a cognizable legal entity separate from the Sheriff in his official capacity" and cannot be sued under § 1983); *see also Vollette v. Watson*, 937 F. Supp. 2d 706, 714-15, 715 n.7 (E.D. Va. 2013) (stating that a "Virginia Sheriff, as an arm of the State, is not subject to official capacity Section 1983 monetary liability," and noting that with respect to such claims Virginia has not waived, nor has Congress abrogated, its sovereign immunity).

[7] The allegations in the FAC constitute a suggestion of death with respect to Defendant Miles.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). It "is well settled that [a] Suggestion of Death *must identify the successor or representative of the deceased*." *Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio 1995); *see also Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) (holding that, for suggestion of death to be valid, "it must identify successor or representative who may be substituted for decedent"). To comply with Rule 25 of the Federal Rules of Civil Procedure, *pro se* Plaintiff must file a motion for substitution— that is, a request to designate Defendant Miles' successor or representative as the defendant in this

10

which means that the statement is neither false nor defamatory—i.e., Miles died during the same incident that gave rise to the charges against Plaintiff; and that Plaintiff was charged with one count of felonious assault of a law enforcement officer and two counts of destruction of Charles City County property.[8] Dkt. No. 38 at 2, 5.[9] Plaintiff has failed to state a claim against either Defendant Anwari, CBS News Reporter Tyler Lane defamed, or Charles City Sheriff's Office, and each defendant and the associated claim will be dismissed without prejudice.[10]

---

lawsuit—within ninety (90) days of the suggestion of death. Fed. R. Civ. P 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). The 90-day time period began running on February 12, 2026, when Plaintiff filed his FAC.

[8] In one of Plaintiff's submissions, it states that he was indicted for the assault of Defendant Miles on September 2, 2025. Dkt. No. 41 at 59.

[9] Plaintiff admits in the FAC that he was charged with assaulting a law enforcement officer, DWI, and that he was indicted "10 times" for the same crime. Dkt. No. 38 at 5,6. The Virginia's Judicial System does confirm that Plaintiff was indicted 10 times and the offense date for each offense was June 9, 2024. *See* https://www.vacourts.gov/, Case Status and Information, Circuit Court Case Information and Fee Calculation, Charles City County Circuit Court, Criminal Tab (search "Croom, Derek") (last viewed Aug. 5, 2026). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases). On May 29, 2025, 6 of the 10 indictments were terminated by entry of a *nolle prosequi* (two counts of destruction of property, one count of resisting arrest, one count of possession of a Schedule I or II drug, and one count of assaulting a law enforcement officer); he was found not guilty of assaulting a law enforcement officer by a jury on June 5, 2025; he was convicted of DWI on June 3, 2025, and sentenced to 12 months in jail; he pleaded guilty to assaulting a law enforcement officer on February 20, 2026, and was sentenced to 12 months in jail; and the indictment for disarming a law enforcement officer indicates the indictment was not "presented" in court. *Commonwealth v. Croom*, Case Nos. CR24-22-00 through -05; CR25-43-00 through -45-00; and CR25-50-00. On June 14, 2024, warrants were issued charging Plaintiff with assault on a law enforcement officer, two counts of destruction of property, and one count of resisting arrest. *Id.* (Charles City General District Court page, search "Croom, Derek," last viewed Mar. 10, 2026). The offense date in each warrant was June 9, 2024.

[10] The claim against CBS News Reporter Tyler Lane must also be dismissed because he did not act under color of state law. *Wellman v. Williamson Daily News, Inc.*, 582 F. Supp. 1526, 1527 (S.D. W. Va.), *aff'd*, 742 F.2d 1450 (4th Cir. 1984) (table case). "Actions by journalists in publishing a newspaper article do not constitute the requisite "state action" to support state action claims." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D. N.Y. 2000), *aff'd*, 29 F. Appx 676 (2d Cir. 2002); *Wellman*, 582 F. Supp. at 1527-28 ("Manifestly, the publication of a newspaper does

11

## C. Commonwealth Attorney Tyler Klink

Plaintiff alleges that Klink is liable for "False Imprisonment and False Arrest, and Malicious Prosecution and Abuse of Process" but again his claims are conclusory. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Prosecutorial immunity extends only to actions "intimately associated with the judicial phase of the criminal process." *Id.* at 430-31. In determining whether an action is entitled to absolute immunity, courts use a "functional approach," *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *see, e.g., Burns v. Reed*, 500 U.S. 478, 486 (1991), which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269. Applying this "functional approach," the Supreme Court has distinguished acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Id.* at 269, 273. The FAC mentions indictments, trials, and examinations of witnesses—all of which involve preparation by the prosecutor for trial or acts by the prosecutor during the judicial proceeding. The alleged claims against Defendant Klink, constitutional and pendant, have no merit for the reasons stated herein. Consequently, the claims alleged against Defendant Klink in the FAC will be dismissed.

---

not involve 'state action.'"). The television station and its reporters are not "state actors," and in no way acted "under the color of law." *Levy v. Alfano*, 47 F. Supp. 2d 488, 491-92 (S.D. N.Y. 1999), *aff'd*, 208 F.3d 203 (2d Cir. 2000); *see Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) (affirming district court's dismissal of a § 1983 complaint pursuant to 28 U.S.C. § 1915(d) holding that the defendant local newspaper reporter is not a state actor); *Fitzpatrick v. Wert*, 432 F. Supp. 601, 603-04 (W.D.N.Y. 1977) (holding reporter and the newspaper's owner were journalists dismissed the civil rights action "as frivolous pursuant to 28 U.S.C. § 1915(d)" because they were "doing that which is their constitutionally protected right as newsmen").

Because Plaintiff is an inmate, he will be allowed to file an amended complaint, which will be known as his Fourth Amended Complaint ("FAC").

The amended complaint *must* separately number each claim that Plaintiff is seeking to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number. Within each claim, Plaintiff shall identify the federal right he alleges has been violated. As part of each claim, in separately numbered paragraphs, Plaintiff will name the defendant or defendants associated with the claim, provide the facts associated with claim, and include the facts that establish the acts or failure to act that implicates each defendant named. In setting forth the specifics and facts of each claim, plaintiff should use defendants' names rather than a generic designation of "defendants," which would assist in clarifying the matter and allow a defendant to respond. The facts *must* include dates as to when matters occurred.

In setting forth the facts in his amended complaint, Plaintiff should refrain from presenting arguments, editorializing, and trying to be dramatic, all of which inhibit the ability to comprehend the nature of the claim Plaintiff is attempting to present. Plaintiff is expressly advised that the amended complaint supersedes the original complaint, and his previous amended complaints. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

ORDERED that Defendants Anwari, the Charles City Sheriff's Office, CBS News Reporter Tyler Lane, and Commonwealth Attorney Klink are each DISMISSED WITHOUT PREJUDICE because Plaintiff has failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2); and it is

13

FURTHER ORDERED that plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant and (ii) for each claim, he shall submit a short, detailed statement of background facts that describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff must include his civil action number, 1:24cv1386 (RDA/WBP), on the first page of his fifth amended complaint. Plaintiff is advised that this fifth amended complaint will serve as the sole complaint in this civil action; and it is

FURTHER ORDERED that Plaintiff comply with Rule 25 of the Federal Rules of Civil Procedure, and file a motion for substitution—that is, a request to designate Defendant Miles' successor or representative as the defendant in this lawsuit—within ninety (90) days of the suggestion of death, which is February 12, 2026, *see* Fed. R. Civ. P 25(a)(1); and it is

FURTHER ORDERED that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to plaintiff.

Entered this __6__ day of ___August___ 2026.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge

14